**Ana Elena SULTANA, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–72773.

United States Court of Appeals, Ninth Circuit.

Submitted June 18, 2008.*

Filed July 8, 2008.

Howard R. Davis, Esq., Van Nuys, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., Jacqueline R. Dryden, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, W. FLETCHER, and CLIFTON, Circuit Judges.

MEMORANDUM **

Ana Elena Sultana, a native and citizen of Romania, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reconsider and reopen which followed the dismissal of her appeal from an immigration judge's decision denying her motion to reopen proceedings conducted *in absentia.* We have jurisdiction under 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002), we deny the petition for review.

The BIA did not abuse its discretion by denying Sultana's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc).

The BIA did not abuse its discretion by denying Sultana's motion to reopen because Sultana failed to set forth new facts or present new evidence. *See* 8 C.F.R. § 1003.2(c)(1) (a motion to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material").

Sultana's due process contention is unavailing.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.